MARIO ESCUDERO, Plaintiff and Appellant, v. CRISTINO GUZMÁN, Defendant and Appellee.

No. R-67-60.    Decided June 26, 1968.

*Félix Ochoteco, Jr., Luis R. Polo,* and *Antonio José Amadeo* for appellant. *P. J. Santiago Lavandero* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

The question for determination in this case is whether an action of unlawful detainer at sufferance in which appellant alleges to be the holder of the title of a parcel of land which is occupied by appellee with a shack for the sale of tidbits to the public is proper where the evidence shows that the structure rests partly on the supports of the bridge on highway No. 2 and partly on said parcel. We conclude that the trial judge did not err in dismissing the complaint, since appellee could present and presented prima facie evidence, indicative of the nonexistence of appellant's title.

Appellant filed an action of unlawful detainer at sufferance against appellee in which he alleged being the owner of a lot of approximately 4,000 square meters devoted to the purchase and sale of automobiles of which appellee wrongfully occupied about 25 square meters, for which reason he requested his eviction. In his answer, the latter denied that appellant was the owner of any property whatsoever possessed by appellee.

The findings of fact of the trial court were the following:

"1. Plaintiff is the owner in fee simple of a parcel of land of approximately 3860 square meters in Ward Pájaros in Bayamón on State Highway No. 2.

"2. Said parcel of land has a cyclone fence all around it. The fence was constructed by the present lessee of the parcel, Viasco Corp., [sic] and there was no fence when plaintiff bought said parcel.

"3. In the northwestern corner of the parcel, adjacent to the sidewalk of Highway No. 2 and outside the fence, there is a parcel of land of approximately 150 square meters. On this parcel of land defendant constructed, by the end of the year 1961, a small mobile house for the sale of tidbits to the public. There was no fence at that time. Before constructing it, defendant requested permission from the manager of the used-car business who had a lease on plaintiff's parcel, believing that said parcel of land belonged to the latter. The small house is [sic] originally mounted on wheels, but at the present time it rests on the ground.

"4. The parcel of land where the small house is located, as we said previously, is outside the fence, between the latter and the railing of the bridge on Highway No. 2. In fact, as we could perceive from the inspection, part of the small house rests on the supports of the bridge. Even more, the evidence tends to indicate that the parcel of land where the small house is located forms a part of the right of way of Highway No. 2. This finding is also supported by the testimony of José Manuel Gómez, engineer of the Public Works Department, as well as by the documentary evidence presented. It is not advisable, or necessary for present purposes, to make an adjudication on this point. It is sufficient to conclude that the evidence creates serious doubts as to plaintiff's contention that said parcel of land belongs to him. The final adjudication of this question must be made in an ordinary proceeding, where the Commonwealth will be a party, and not in the case at bar."

The trial court concluded that:

"The case at bar was brought by plaintiff as owner of the parcel. In order that it may prosper it is necessary for the latter to show his standing as such. The previously recited facts show that plaintiff did not establish his standing as owner.

"It must be pointed out here that this is not a conflict of titles, as defendant seeks to maintain, since he did not claim any title whatsoever. Rather the question is that plaintiff did not prove his title. Therefore, the dismissal of the complaint lies."

Appellant assigns, in synthesis, that the trial court erred in deciding (1) a conflict of titles which did not exist between the litigants, but rather, between appellant and the People of Puerto Rico, the latter not being a party in the proceeding; (2) that appellant had not proved his title; (3) that appellee having taken possession of the parcel in question by authorization of appellant's lessee, he cannot challenge the title of the latter in an unlawful detainer proceeding; (4) that a blueprint from the office of the Secretary of Public Works was admissible. Lastly, (5) it is assigned that the granting of $800 for attorney's fees is excessive.

1–2. We have decided that "The plaintiff in an action of unlawful detainer at sufferance should, in the first instance, prove his case prima facie, that is, he should introduce evidence to show the title by which he is in possession and that the property is the same one held by the defendant" at sufferance. If he fails to establish that fact a favorable judgment is not warranted. *Meléndez* v. *Pacheco; García, Int.*, 75 P.R.R. 89, 91–92 (1953). We have also held that: "Where a defendant in an action of unlawful detainer . . . holds possession of the property. the subject matter of the action for the purpose of keeping or enjoying it while the ownership belongs to another person . . . he may set up as a defense that he holds possession as the representative of the real owner, who is a person other than the plaintiffs." *Escudero* v. *Mulero*, 63 P.R.R. 551, 562 (1944); *Díaz et al.* v. *Morales*, 39 P.R.R. 65, 68, 71 (1929). In *Martínez* v. *Figueroa*, 50 P.R.R. 908, 911 (1937), we said that: "As to whether the appellees may or may not attack appellant's title collaterally in this unlawful detainer proceeding depends, in our opinion, upon whether such title is null and void or merely voidable. If the former, it may be so attacked; if not, it may not be." Following this ruling, in *Ríos* v. *Román*, 71 P.R.R. 193, 195–196 (1950), on which case appellant's contention is largely based, we concluded that the defendant

in an unlawful detainer proceeding could not attack plaintiff's title of the property acquired in a foreclosure proceeding in a case for recovery of money on the ground that said proceeding was void, since it was shown that the judgment in the action of debt was voidable and not absolutely void. See, also, *Dávila* v. *Sotomayor et al.*, 35 P.R.R. 726, 729–730 (1926). On the contrary, in *De León* v. *Pérez et al.*, 54 P.R.R. 202, 206 (1939), where it was established that the judgment from which plaintiff derived his title was absolutely void, we stated that such judgment could be challenged by defendant in an unlawful detainer proceeding and that in that case there was "an absolute lack of title in the plaintiff, and as it is up to him to prove his allegations and he can in no case rest on the lack of or weakness of defendant's title, his action in unlawful detainer cannot succeed." *Casanova* v. *Sánchez*, 79 P.R.R. 166 (1956), is distinguishable from the case at bar, since in the former it was only sought to challenge plaintiff's title on the ground that he was not the sole owner of the property.

■ In the case at bar appellee's evidence was admissible to show that the structure rested partly on the supports of a bridge and partly on the right of way of public highway No. 2 as it was subsequently verified by the trial judge in an inspection. Therefore, the nonexistence of appellant's title having been prima facie established the action of unlawful detainer could not prosper in this case.

■ 3. It is assigned that defendant is precluded from challenging appellant's title because he requested the permission of the latter's lessee to erect the small house in question. They invoke the cases of *Esteban et al.* v. *Talavera*, 34 P.R.R. 635 (1925) and *Compañía Teatral* v. *Lloveras*, 40 P.R.R. 140 (1929). In the first one it was stated that a tenant may not ordinarily deny his landlord's title, but it was indicated that there could be exceptions. In the other we stated that a lessor who denies the condition of lessee in

another person has no cause of action to require from the latter the performance of duties as such lessee. These cases are not only inapplicable but we know of no reason why appellee should be precluded, when he actually realized the place where he had erected his small house, and that appellant lacked a title over such place, from invoking this situation in his defense in the unlawful detainer action filed against him.

■ 4. The fourth assignment evidently lacks merit. The blueprint, whose admissibility is challenged, is a copy of the original which was used for the construction of said stretch of road as certified in open court by engineer José M. Gómez, officer in charge of the Administration of Property of the Commonwealth under whose custody the original was kept. Section 410 of the Code of Civil Procedure, 32 L.P.R.A. § 1782. Said blueprints were admitted not to establish as a conclusive adjudication that the State had established therein a right of way. Let us see how the trial judge expressed himself: "No, I do not believe, according to the Law, that it is necessary to prove that there is any right of way, it suffices that there is prima facie evidence to show that there is a right of way that is sufficient to litigate, in another proceeding, the questions of title being presented here . . . it is sufficient to show, prima facie, as in this case, that there is a right of way 15 meters wide from the axis of the road and which covers the place where the small house is."

As we can see, said blueprint was not admitted for the purpose of proving that there was a right of way, which could not be done in an unlawful detainer proceeding, but as prima facie evidence that the land where the small house was located did not belong to plaintiff-appellant in this case. Furthermore, it must not be forgotten that an inspection was performed with the consent of the parties and the judge

was in a position to weigh the merits of the question by his own senses. This error was not committed either.

5. According to the facts appearing from the record we believe that it is proper to reduce attorney's fees to the sum of $400. In this sense the judgment rendered in this case should be modified.

In view of the foregoing, the judgment rendered by the Superior Court, Bayamón Part, on January 18, 1967, will be modified as to the amount for attorney's fees, and as thus modified it will be affirmed.

Mr. Justice Blanco Lugo concurs in the result but dissents as to the reduction of attorney's fees.